# Kimbrell *v.* The State.

*Indictment for Murder.*

1. *Organization of jury; mistake in names of jurors no ground for quashing venire.*—A mistake in the names of jurors, either in the venire or in the list delivered to the defendant, consti- tutes no ground for quashing the venire.
2. *Same; mistake in second initial of name immaterial.*—Where, in the lists of jurors delivered to the defendant, the second ini-

[Kimbrell v. The State.]

tial is different from that in the venire, but the first initial in both the venire and the list served on the defendant is the same, the mistake as to the second initial is immaterial, and constitutes no ground for discarding the names of said jurors when drawn.

3. *Same; idem sonans.*—The mere misspelling of the name of a juror in a list served upon the defendant, constitutes no ground for quashing the panel, when the difference causes no material change in the pronunciation of the name.

4 *Same; drawing of names of jurors not summoned.*—In the organization of a jury from a special venire, which is to try the defendant in a capital case, only the names of the jurors summoned for the trial and the names of the regular jurors in attendance should be written on slips and placed in the box or substitute therefor; but if the names of several of the special jurors who were ordered summoned, but were not found and who were not in attendance, are placed in the box, from which the jury to try the case is to be drawn, such error is without injury and will not work a reversal; none of such persons being put upon the defendant, and his challenges being in no wise affected thereby.

5. *Homicide; admissibilty of hearsay evidence as to insanity.*—On a trial under an indictment for murder, where the defendant pleads not guilty by reason of insanity, the testimony of the defendant's brother that he had heard his mother say that she had received letters from her brother's family telling about her brother losing his mind, is purely hearsay and inadmissible.

6. *Same; same.*—In such a case, the testimony of a witness that a few months before the killing he had heard the deceased make a statement about the defendant being crazy, is inadmissible.

7. *Same; same.*—In such a case, where the son of the defendant, as a witness in his own behalf, had testified to certain acts and declarations by his father having a tendency to show that the defendant's mind was unsound, it is competent for the State, on the cross-examination of such witness, to ask him whether or not a few days after the defendant was arrested he talked sensibly and rationally about his case and gave the witness advice as to the employment of counsel, amount of fees, etc.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

The appellant in this case, Tom Kimbrell, was indicted and tried for the murder of Cicero Wheeler, by

shooting him with a gun, was convicted of murder in the second degree, and sentenced to the penitentiary for twenty years.

Before entering upon the trial of the cause, the defendant moved to quash the venire served upon him for the trial of the case, upon the grounds that there was a mistake made in designating certain of the jurors to be drawn, as residing in a particular beat in the county, when they lived in another than that named upon the slip, and also upon the ground that there was a mistake made in the names of some of the jurors. This motion to quash was overruled, and the defendant duly excepted.

During the drawing of the jury for the trial of the defendant, when the names of Jas. F. Smith, J. L. Sanford, J. D. Watson, T. J. Tappison and L. W. Deavors were separately drawn, the defendant moved to discard said names, respectively, upon the ground that there was a mistake made in the names of said jurors as placed upon the lists served upon the defendant. The specific grounds of each of these motions is sufficiently stated in the opinion. The court overruled the motions, and the defendant duly excepted.

During the drawing of the jury, there was placed in the box the names of several persons who were drawn as jurors, but who were not summoned and did not appear. When the names of these jurors were drawn, the defendant made a motion to quash the panel upon the ground that said jurors had not been summoned. This motion was overruled, and the defendant duly excepted. The defendant pleaded not guilty, and not guilty by reason of insanity. The facts of the case relating to the rulings on the evidence reviewed on the present appeal, are sufficiently stated in the opinion.

COLEMAN & BANKHEAD, for appellant.—The court erred in overruling the defendant's motion to quash the venire and to discard the names of the several jurors. Code, §§ 4997, 5007; *Ezell v. State,* 102 Ala. 101; *Roberts v. State,* 68 Ala. 515; *Gibson v. State,* 89 Ala. 121; *Fields v. State,* 52 Ala. 348; *Aiken v. State,* 35 Ala. 399; *Johnson v. State,* 94 Ala. 35; *Bush v. State,* 61 Ala. 90.

CHAS. G. BROWN, Attorney-General, for the State, cited Code, §§ 4333, 4997; *Ezell v. State*, 103 Ala. 11.

DOWDELL, J.—There was no error in the action of the court in overruling the defendant's motion to quash the *venire* because of an alleged mistake in the names of jurors, either in the *venire*, or the list delivered to the defendant. The statute expressly provides that this "is not sufficient cause to quash the *venire*, or to delay or continue the trial, unless the court, in its discretion, is of opinion that the ends of justice so require."—Code of 1896, § 5007.

Nor was there any error in refusing to discard on defendant's motion the names of the jurors Smith, Sanford, Watson, Tappison and Deavors. As to the first three mentioned, the alleged mistake in the names, was that in the list delivered to the defendant the second initial was different from that in the *venire*, the first initial in both the *venire* and the list served on defendant being the same. As the law recognizes but one given or Christian name, that there was a variance in the middle name or initial did not constitute a mistake in names within the meaning of the statute.—*Pace v. State*, 69 Ala. 231. As to the last two names above mentioned, the alleged mistake consisted in the spelling,—the names being written Tappason and Davors, when the correct spelling of the names was Tappison and Deavors. This constituted no mistake within the meaning of the statute. The application of the rule of *idem sonans* removes any objection as to the mistake in these names resulting from incorrect spelling.—*Underwood v. State*, 72 Ala. 220.

In selecting the jury from the special *venire*, which is to try the defendant, only the names of the jurors summoned for the trial and the names of the regular jurors in attendance, should be written on slips and placed in the box or substitute therefor, from which the drawing is to be had.—Code of 1896, § 5009. The names of several of the special jurors ordered summoned for the day set for the trial were returned by the sheriff in the execution of the writ of *venire*, not found. These names should not have been written on

slips and placed in the box for the drawing of the jury to try the case. But as no possible injury could result to the defendant, since these persons were not in attendance, and none of them put upon him, the error is not such as to work a reversal.—Code of 1896, § 4333. His challenges were in no wise affected, and the result was just the same as if the slips upon which were written the names of these jurors who were absent and not summoned, had been blank pieces of paper.

The testimony of the defendant's witness, G. W. Kimbrell, who was his brother, as to what he had heard about letters having been received by his mother's family from members of his uncle's family in Texas, telling about his uncle's losing his mind, was properly excluded, being purely hearsay. The same principle applies to the testimony of said witness about an uncle in Georgia, which was properly excluded.

Nor was there any error in the refusal of the court to allow the witness G. C. Ray to testify to a declaration of the deceased, Cicero Wheeler, made a few months before the shooting took place, as to the defendant's being crazy, which was clearly inadmissible.

Riley Kimbrell, a son of the defendant, and a witness for him, was cross-examined by the State's counsel as to whether or not the defendant had talked sensibly and rationally about his case a few days after he was arrested, and had advised the employment of certain counsel, amount of fees, etc., the said witness having testified on direct examination about the demeanor of his father a few days before and a few days after the killing. The court allowed cross-examination upon the facts over the objection of the defendant, one of the grounds of said objection being that this matter constituted a privileged communication. This position was untenable, and the testimony was clearly in rebuttal of what the witness had sworn on his direct examination by defendant's counsel, and there was no error in its admission.

There were other exceptions to rulings on the admission of evidence, but counsel in argument have passed them unnoticed, and upon examination and consideration we think these exceptions without merit, and so

[Hall v. The State.]

clearly without merit, as to call for no further comment.

We find no reversible error in the record, and the judgment is affirmed.